# IN THE UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRISTAL VALENTINO<br><br>              Plaintiff,<br><br>v.<br><br>KATHY L. RUMER, D.O., F.A.C.O.S;<br>DELAWARE VALLEY AESTHETICS, PLLC<br>D/B/A RUMER COSMETIC SURGERY<br><br>              Defendants. | CIVIL ACTION NO. 2:18-cv-03816 |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on December 4, 2018 and submit the following report of their meeting for the court's consideration:

1. Discussion of Claims, Defenses and Relevant Issues

   You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, **counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.**

   **RESPONSE:** On September 6, 2018, Plaintiff Cristal Valentino instituted this action by civil Complaint sounding in medical professional negligence under Pennsylvania substantive law. On September 14, 2016 Defendant, Dr. Rumer performed gender reassignment surgery, male to female, and related surgical procedures upon plaintiff at Delaware County Memorial Hospital. Plaintiff contends that despite her adherence to postoperative care, and as a direct result of the alleged negligence of the defendants in the performance of the gender reassignment surgery, she suffered vaginal stricture, urethral stricture, absent clitoral hood, absent labia minor and absent labia majora, prominent bulge from bulbospongiosum muscle, hair growing inside vaginal cavity, as well as severe psychological trauma and gender dysphoria. Defendants deny any and all liability for the allegations contained in Plaintiff's Complaint. Plaintiff seeks to recover damages for, *inter alia*, medical

expenses, pain and suffering, and other economic losses. Dr. Rumer denies any and all liability and will defend the case on the standard of care.

Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.

**RESPONSE:** The issues are standard medical malpractice negligence and causation. The discovery will involve medical records and similar investigation. We will likely take depositions of the parties and several fact witnesses identified by the Plaintiff as well as possibly treating physicians. It is possible that there could be a Motion for Summary Judgment/Daubert Motion filed by the defense.

2. Informal Disclosures

State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.

**RESPONSE:** The parties have exchanged their Initial Disclosures and the information as requested by Rule 26(a)(1). The parties only agreed to exchange the information required by Rule 26(a)(1)

Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

**RESPONSE:** Not applicable.

3. Formal Discovery

Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.

**RESPONSE:** The parties are in the process of responding to written discovery served, subpoenaing pertinent records from New York, scheduling party and fact witness depositions, and scheduling Plaintiff's IME. Plaintiff's deposition is scheduled for January 10, 2018. The parties would request until April 1, 2019 to complete fact witness discovery.

The discovery deadline should be no more than 120-150 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.

**RESPONSE:** Not applicable.

The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.

**RESPONSE:** Dr. Rumer's chart has already been produced other medical records being produced by subpoena. The parties do not anticipate other electronic discovery.

4. Electronic Discovery

It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the court.

**RESPONSE:** Dr. Rumer's chart has already been produced other medical records being produced by subpoena. The parties do not anticipate other electronic discovery.

5. Expert Witness Disclosures

Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.

**RESPONSE:** Plaintiff will provide the identity of her expert(s), the expert(s) curriculum vitae and the expert's('s) report(s) on or before May 1, 2019. Defendants will provide the identity of their expert(s), the expert(s) curriculum vitae and the expert's('s) report(s) on or before June 1, 2019. It is anticipated that expert depositions will be necessary. Expert depositions will be completed on or before July 30, 2019.

The parties should expect that the court requires expert reports to be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.

**RESPONSE:** Given the nature of the case it is not possible to anticipate the specific elements of Plaintiff's expert opinions and, therefore, the defense would respectfully appreciate the option to rebut rather than produce simultaneous reports.

6. Early Settlement or Resolution

   The parties must familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

   Explain any decision not to seek early resolution and what mediation options the parties may consider and when mediation would be appropriate.

   **RESPONSE:** Dr. Rumer is facing four (4) lawsuits from the same plaintiff's firm by four similar plaintiffs. She strongly denies all allegations of negligence or wrongdoing and at this time understands that mediation and ADR may be available, however, she is not inclined to resolve the case at this time and desires to continue to defend it most likely through a trial verdict. However, as the case develops counsel will continue to advise Dr. Rumer of the relative risks and the possibility of settlement.

7. Trial

   If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled. Please provide the estimated length of trial.

   **RESPONSE:** A firm trial date is requested by both parties. Dr. Rumer maintains an active surgical practice and will need to coordinate her schedule accordingly to be present for trial as does her experts. It is estimated that trial will last approximately six (6) to eight (8) days.

   Please provide a statement whether all parties agree to a referral of this case to U.S. Magistrate Judge Carol Sandra Moor Wells for trial.[1]

   **RESPONSE:** At this time the parties would like to discuss some additional discovery and evaluate the case, but they are not necessarily opposed to referring the case if it will make sense to both the court and the parties.

---

[1] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals going directly to the Third Circuit. All cases assigned to Judge Wells are given a firm trial date.

8. Other Matters

   Indicate discussion and any agreement on matters not addressed above.

   **RESPONSE:** The parties have already agreed to procure records through the authorization process as well as by subpoena given that the Plaintiff's records are largely located in the state of New York. Counsel are working well with one another and do not anticipate any significant discovery disputes or other issues that cannot resolve amongst themselves.

   */s/ Kristy C. Bruce*
   Kristy Bruce, Esquire
   Attorney for Plaintiff

   */s/ Chilton Goebel*
   Chilton G. Goebel, Esquire
   Attorney for Defendants